UNION & PEOPLE'S NATIONAL BANK *v.* ANDERSON-CAMPBELL CO.

1. MUNICIPAL CORPORATIONS—SEWER CONTRACTS—MISTAKE IN BID—RIGHT TO RECOVER DEPOSIT—BONA FIDES.

   Bidder on sewer contract, who notified city before acceptance that its bid was too low because of mistake, is entitled to recover deposit accompanying bid after refusing to enter into contract, where bidder's good faith and fact that mistake was made is not questioned.

2. INTERPLEADER—EQUITY—JURISDICTION—CANCELLATION OF ERRONEOUS BID—RETURN OF DEPOSIT.

   Where bidder on sewer contract, interpleaded with city holding certified check deposited with bid, prayed for cancellation of its bid, which it claimed was too low because of mistake, and city did not challenge jurisdiction of court to pass on said matter, court had jurisdiction to decree return of proceeds of said check to bidder.

Appeal from Jackson; Simpson (John), J. Submitted October 22, 1931. (Docket No. 191, Calendar No. 35,875.) Decided January 4, 1932.

Bill of interpleader by Union & People's National Bank against Anderson-Campbell Company, a Michigan corporation, and City of Lansing, a municipal corporation, to determine right to fund held ·by plaintiff as deposit on sewer construction bid and to restrain suit therefor by municipality. Both defendants filed cross-bills. Decree for defendant Anderson-Campbell Company. Defendant municipality appeals. Affirmed.

*Rosenburg & Painter,* for defendant Anderson-Campbell Company.

*Richard Raudabaugh,* for defendant municipality.

SHARPE, J. On April 8, 1929, the clerk of the city of Lansing advertised for sealed proposals for the construction of a sewer in that city. The right was reserved therein "to reject any or all bids." A number of proposals were submitted, among them one by the defendant Anderson-Campbell Company for the sum of $46,325.75. It was accompanied by a certified check in the sum of $2,300, drawn on the National Union Bank & Trust Company of the city of Jackson. The proposal was on a form furnished by the city of Lansing, and contained the following:

"And the undersigned hereby agrees that if the foregoing proposal shall be accepted by the city he will, within ten days after receiving notice of such acceptance * * * enter into contract * * * for the full and complete construction of the * * * sewer."

All of the bids were opened on the evening of April 29th and referred to the committee on sewers.

The next meeting of the council was held on May 6th. At that meeting the city clerk presented to the council a written communication from the Anderson-Campbell Company which, after reciting the fact that the proposal had been made by it, accompanied by a certified check for $2,300, stated that:

"an honest error and mistake were made in the calculation and figures on which such bid or proposal was based, and as a result thereof the bid or proposal provided that the Anderson-Campbell Company would perform the work for a lower amount than had no error or mistake been made."

This communication was referred to the committee on sewers, but no action was taken thereon. It may be well to here insert the fact that Mr. Anderson, the president of the defendant company, testified that the error in the proposal was in the omission of the charge for "the reinforcing steel that went into the monolithic concrete," amounting to $2,873, and that he explained the nature of the error to Mr. Jacka, the sanitary engineer of the city. Of this there was no denial.

After the reference above stated, the council voted unanimously to accept the bid of the defendant company, it being the lowest bid for the work, and directed the mayor and city clerk to enter into a contract with it. The defendant company refused to enter into the contract, whereupon the certified check, deposited by it with its proposal, was presented to the bank for payment and payment refused, for the reason that the defendant company had notified it to do so. The city then brought an action in the Jackson circuit court to recover on the check, whereupon the plaintiff, successor to the National Union Bank & Trust Company, filed the bill

of complaint herein, praying that such action be enjoined and that the city and the Anderson-Campbell Company be required to interplead and the right to the proceeds of the check, which it had deposited with the clerk of the court, be determined. Both defendants filed answers thereto. The trial court found in favor of the Anderson-Campbell Company, and ordered that the sum so deposited be turned over to it. From the decree entered so providing, the city of Lansing has appealed.

The claim of the city is thus stated by its attorney in his brief:

"It is our claim that the defendant and appellee, Anderson-Campbell Company, not only did not withdraw their bid or proposal, but that the city of Lansing had no power to permit them to withdraw it after it had been submitted and acted upon. It is our further claim that if said defendant and appellee had made a fundamental error or mistake in the amount of their bid or proposal submitted to the city, that they had a remedy in equity to have the bid reformed, canceled, or rescinded if they had brought the action before the contract had been awarded, and that they had abundant time to do so between the time the bid was opened and the date of submitting their withdrawal."

The notice filed with the city clerk by the defendant company, stating that an error had been made by it in fixing the amount of its proposal, was presented to the city council before the resolution of acceptance thereof was adopted. It should have more particularly stated the nature of the mistake made, as revealed in the statement made to the city's sanitary engineer. That the company acted in good faith and was desirous of informing the city at the earliest possible moment that it had made such a

mistake cannot be doubted. Had the city council any doubt as to the *bona fides* of the claim thus made, it should have delayed acceptance pending a report of the committee to whom the communication was referred. It seems apparent to us that it was then of the opinion that it had no power to permit its withdrawal.

The right of a party making such a proposal to appeal to a court of equity for relief in such a case was before this court in *Kutsche* v. *Ford*, 222 Mich. 442, in which the opinion of the trial court was adopted. We quote from the syllabus thereof:

"Where a mistake is of so fundamental a character that the minds of the parties have never, in fact, met, or where an unconscionable advantage has been gained by mere mistake or misapprehension, and there was no gross negligence on the part of the plaintiff, either in falling into the error or in not sooner claiming redress, and no intervening rights have accrued, and the parties may still be placed *in statu quo,* equity will interfere in its discretion, to prevent intolerable injustice."

In that case, in which the authorities are reviewed at length, it appeared that the acceptance was had before the notice of withdrawal, and yet it was held that the bidder was entitled to relief.

While the defendant company did not here file a bill for the cancellation of its proposal, it so prayed in its pleading in this case. The city, by its attorney, made full answer thereto, and in no way challenged the power or jurisdiction of the court to pass upon the matter in dispute, and insisted in its prayer for relief therein that the proposal as accepted was binding upon the defendant company, and that by its failure to comply therewith it had forfeited its right to the money then on deposit in the court. The

issue which would have been presented, had such a bill been filed by the defendant company, was before the court in this case, and the decree made is binding upon the parties.

The injustice of a decision that a bidder, under facts such as are here presented, must lose its deposit is referred to in *Kutsche* v. *Ford, supra,* at page 450, as follows:

"In the instant case it may be thought that the school district cannot be said to be placed *in statu quo* when it is considered that the building cost nearly six thousand dollars more than plaintiff's bid. To place *in statu quo* does not mean that one shall profit out of the mistake of another. It does not appear that plaintiff's mistake has made the school building cost more than it otherwise would have cost. The school district, if placed back where it was before the bid, loses nothing except what it seeks to gain out of plaintiff's mistake. To compel plaintiff to forfeit his deposit, because of his mistake, would permit the school district to lessen the proper cost of the school building at the expense of plaintiff, and that, in equity, is no reason at all for refusing plaintiff relief."

The decree is affirmed, with costs to the Anderson-Campbell Company against the city of Lansing.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.