## Antonio Daddario *vs.* Town of Milford.

Suffolk.   October 7, 1936. — December 1, 1936.

Present: Rugg, C.J., Pierce, Field, & Lummus, JJ.

*Contract,* What constitutes, Proposal for construction work.   *Equity Jurisdiction,* Mistake.

Under the provisions of a call by a town for bids for public construction work, that bids made could not be withdrawn within thirty days after they were opened, a bid remained open for acceptance by the town although the bidder sought to withdraw it during the thirty days, and, upon the town's accepting it after the thirty days and before the bidder again sought to withdraw it, the town under the terms of the call had a right to retain as liquidated damages a deposit which the contractor had made with his bid and which he forfeited by refusing to execute a contract.

Bill in equity, filed in the Superior Court on December 11, 1935.

The suit was heard by *Sisk,* J.   From a final decree dismissing the bill the plaintiff appealed.

*S. L. Bailen,* (*H. Snyder* with him,) for the plaintiff.

*W. A. Murray,* Town Counsel, for the defendant.

Pierce, J.   This is a suit in equity to compel the return of a certified check for $5,000, deposited by the plaintiff with the defendant to accompany a bid or proposal for constructing Imhoff-Trickler Sewage Treatment Works in the defendant town.   The work of construction was to be done under an arrangement with the Federal emergency administration of public works, whereby the United States was to aid in financing the construction by making a grant to the defendant in the amount of forty-five per cent of the project on completion, and the agreements in respect thereto, as evidenced by a vote of the defendant town authorizing the project, were subject to the rules and regulations of the public works administration (known as Form No. 179) under date of July 22, 1935.

The rules and regulations provided that each contract

should be awarded to the lowest bidder as soon as practicable after the opening of the bids, but not until the State director of the public works administration should have approved the award. Thereafter, an advertisement in accordance with the rules and regulations was published by the sewer commissioners, inviting sealed bids or proposals for constructing the work. The advertisement stated that the work was a public works administration project, that all the bids must be in accordance with the instructions provided by the sewer commissioners and by a pamphlet which contained information for bidders. In this pamphlet were a form of proposal and a form of contract; and the advertisement stated that the work was to be financed and constructed under the terms of the Federal relief appropriation act of 1935 and St. 1933, c. 366, as amended. The advertisement also provided that no award could be made by the sewer commissioners without the authorization of the State director of the public works administration, and that no bidder might withdraw his bid for a period of thirty days after the date set for the opening of the bids. This advertisement, the information and instructions for bidders, the proposal, the contract and the bond were before this court in one bound volume, which was called "Contract No. 6 for Construction of a Sewage Treatment Works." The information and instructions for bidders provided that a certified check for $5,000, payable to the defendant as security for the execution of the contract, should accompany the proposal; that the bidder to whom the contract was awarded had ten days from the date of the notice of the award to execute his contract and bond, otherwise the $5,000 would be forfeited as liquidated damages; and that "All such deposits will be returned to the bidders as promptly as possible and before the expiration of three (3) days after the decision as to the award of the contract, except that made by the bidder to whom the contract shall be awarded." The form of proposal in the volume contained the following declaration: "The undersigned, as bidder, declares that . . . he has carefully examined the annexed proposed form of contract, the specifications therein contained, and the

drawings therein referred to, and has read the Information and Instructions for Bidders hereto attached . . . ."

On October 28, 1935, the plaintiff signed the proposal. The date set for the opening of the bids was October 29, 1935. The bids when opened on that date disclosed that the plaintiff's bid was the lowest, the bid of the John Mac-Donald Construction Company was the next lowest, and there were six bids all higher than that of the MacDonald Company. On October 30, 1935, the plaintiff wrote the sewer commissioners the following letter: "Will you kindly allow me to withdraw my bid on your disposal plant as I made two serious errors on the concrete. My price on 1–2–4 concrete was to be $26.50 a yd. instead of $16.50 a yd. and on the 1–2½–5 was to be $20.00 instead of $10.00 a yd. If you will kindly allow me to withdraw my bid and return my check I will appreciate it very kindly." The sewer commissioners after receiving this letter on the same date held a special meeting and allotted the contract to the John MacDonald Construction Company, in accordance with the recommendations of their engineer, and requested the engineer to transmit a copy of their vote to the public works administration, together with a canvass of bids as required by the public works administration.

The sewer commissioners held a special meeting on December 2, 1935, to consider a letter received from the public works administration dated November 30, 1935. At this meeting they voted to rescind their vote at the special meeting held October 30, 1935, whereby the contract was awarded to the John MacDonald Construction Company as recommended by the engineer, "in view of the fact that the Federal Emergency Administration of Public Works refused to approve the award except upon the condition that the amount of $5000 shall be credited to the construction account." On December 2, 1935, the sewer commissioners, in pursuance of authority from the public works administration, contained in its letter of November 30, 1935, awarded the contract to the plaintiff in accordance with the terms of his signed proposal, and notified him by registered letter that the contract had been awarded to him and that in case

of his failure or neglect to execute the contract and bond within ten days his $5,000 would be retained as liquidated damages, in accordance with the terms of his proposal. The plaintiff received the notice from the sewer commissioners on December 3, 1935. He did not execute the contract and bond within the ten-day period, but filed his bill of complaint on December 11, 1935.

The foregoing statement of facts follows in substance the findings of fact of the trial judge. The oral testimony discloses, in addition to the findings, that the plaintiff and the chairman of the sewer commissioners met two or three weeks after October 30, 1935, and again on November 30, 1935. The chairman testified that the plaintiff said to him, "Some one from Milford called me up so I could have my check"; that the conversation was had at the earlier meeting; and that he answered, "I don't know for any reason why anybody should call you up for your check."

On the facts found by the trial judge, he ruled that the suit could not be maintained, and ordered that a decree be prepared dismissing the bill with taxable costs. The plaintiff appealed from the final decree as entered.

The proposal signed by the plaintiff by necessary implication incorporated all the terms and conditions contained in the sewer commissioners' invitation to bid. *Wheaton Building & Lumber Co.* v. *Boston*, 204 Mass. 218. By agreement with the public works administration for the Federal government, and subject to its rules and regulations, the defendant undertook through its board of sewer commissioners the construction of an addition to its sewer works. Disregarding any stipulation as to time, the effect of an offer is that the offeree's power of acceptance continues until the offer is terminated by acceptance or rejection or by any other means regarded as effective by the law. Am. Law Inst. Restatement: Contracts, § 34.

In the case at bar an essential term of the proposal was that "No bidder may withdraw his bid for a period of thirty days after the day set for the opening thereof." The proposal was a continuing offer. Considered as an option, the proposal was separable into two parts — the offer, and the

agreement as to the time for the acceptance of the offer. It is plain the essential terms of the proposal were (1) that the plaintiff, as bidder, would not withdraw his bid for a period of thirty days after the date set for opening the bids, October 29, 1935; (2) that the contract would be awarded to the lowest responsible bidder as soon as practicable after the opening of the bids, but not until the State director of the public works administration should have approved the award; and (3) that the certified check for $5,000 deposited by the plaintiff with his bid should be forfeited to the town as liquidated damages in case the plaintiff failed to execute the contract within ten days after notice of the award of the contract to him. The plaintiff's letter of October 30, 1935, couched in terms of courtesy, can be construed as a withdrawal of his offer, but it is clear that the plaintiff and defendant understood that the certified check delivered to the defendant was to be forfeited as liquidated damages if the plaintiff within thirty days after the opening of the bids withdrew his offer contained in the proposal. *Turner* v. *Fremont,* 170 Fed. 259. *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218. *John J. Bowes Co.* v. *Milton,* 255 Mass. 228. On the same day, October 30, 1935, after receiving the plaintiff's letter, the sewer commissioners voted to award the contract to the John MacDonald Construction Company, and "requested the engineer to transmit a copy of the vote to the PWA authorities together with the canvass of bids as required by the PWA regulations." This award was disapproved by the public works administration on November 6, 1935. The approval of the award to the plaintiff was not secured until November 30, 1935. December 1, 1935, fell on Sunday, and on December 2, 1935, the sewer commissioners made the award to the plaintiff and notified him by registered mail "that the contract had been awarded to him, and that in case of his failure or neglect to execute the contract and bond within ten days his five thousand dollars would be retained as liquidated damages in accordance with the terms of his proposal."

The plaintiff has no ground of complaint in that the sewer

commissioners tried to allow him to withdraw his proposal. Both he and the commissioners knew that their action in this regard was subject to the approval of the State director. The testimony of the plaintiff that he asked for the return of his check on November 30, 1935, from the chairman of the sewer commissioners was denied by that chairman, and it must be assumed that the trial judge, by dismissing the plaintiff's bill of complaint, found as a fact that the request was not made on that date. The plaintiff's bid gave him a right to withdraw his offer at the close of the thirty-day period. He did not do so. His mistake was not a mutual mistake of the plaintiff and defendant as to any essential matter connected with the contract, and it does not clearly appear that it was one of material fact, as distinguished from an unwise, hasty or careless statement of the prices intended to be bid.

*Decree affirmed with costs.*