FRASER PUBLIC SCHOOLS DISTRICT *v*. KOLON

1. CONTRACTS—BIDS—FUNDAMENTAL MISTAKE—PRE-BID STATUS QUO.
   Equity will interfere, in its discretion, to avoid intolerable injustice by restoring the maker of a bid and the offeree to the pre-bid *status quo*, even though the bid has been accepted, where the bidder discovered a mistake in his bid which was so fundamental that there could not have been a meeting of the minds, the bidder was not guilty of gross negligence either in falling into the error or in not sooner claiming redress, no intervening rights accrued, and the parties could still be placed in the pre-bid status quo.

2. CONTRACTS—BIDS—FUNDAMENTAL MISTAKE—PRE-BID STATUS QUO
   —EQUITY.
   No contractual obligations existed between a school board and a contractor where the contractor had submitted a bid, there was a mistake in the bid which created a significant disparity in the bid figure and the actual cost of construction, the mistake was caused by a clerical error, the defendant told the school board at the meeting at which the bids were to be accepted that there was an error and that the bid as originally made was withdrawn, and the school board, twelve days after the bid had been withdrawn, accepted the bid; equity prevents the school board from recovering the difference between the erroneous bid and the second lowest bid, because the bidder's mistake was not result of gross negligence, no rights had accrued, and to allow recovery would be unconscionable.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 June 8, 1971, at Lansing. (Docket No. 9048.)   Decided August 23, 1971.   Leave to appeal denied, 386 Mich 768.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 27 Am Jur 2d, Equity §§ 28–43.
[2] 17 Am Jur 2d, Contracts §§ 143–150.

Complaint by Fraser Public Schools District against Henry Kolon and Reliance Insurance Company, his surety, for damages for breach of contract. Judgment for plaintiff. Defendants appeal. Reversed.

*Mather, Glime & Daoust,* for plaintiff.

*Ross, Bruff & Rancilio, P. C.* (by *David S. De-Witt*), for defendants.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from a verdict and judgment in the amount of $114,343 in favor of plaintiff school district awarded by the trial judge sitting without a jury.

Defendant contractor assigns as his first claim of error the award of damages against him in any amount on the ground that his bid offer was not accepted before he discovered a very substantial error in his bid—$80,464. He immediately apprised the board of this error. It is, we think, important to note that the mistake was not one of computation or of estimate, but rather a clerical error in the failure of a typist to include in the final typewritten form of bid figures on four recapitulation sheets which contained the additional $80,000 amount.

While there is some minor conflict as to the sequence of events after the error was discovered, it is not disputed, and it was so found by the trial judge, that at a special session of the board of education of plaintiff district, at which the bids were

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to be accepted, defendant's chief estimator appeared and explained that after he had consulted with the architect the error was discovered. He offered on behalf of defendant contractor to perform the omitted work for $69,665, as opposed to the original bid computation of $80,000 for the same work.

Significantly, the board at the July 10 meeting accepted the lowest bid for the architectural trades and the lowest bid for the mechanical trades, but deferred any action on the alternative request of defendant to withdraw his original bid, or stand on his modified bid with the allowance of the addition of the offered increase of $69,000.

It seems to us that at that moment the contractual agreements, if any, between the parties were extinguished. The bid as originally made was withdrawn, without acceptance. A new offer was made and was never accepted. Thereafter, this litigation ensued.

We do no violence to the settled principle that the findings of fact of a trial judge, sitting as trier of the facts, will not be set aside unless clearly erroneous, because we reverse for an error of law. We believe the learned trial judge misapplied the applicable law to his found facts.

He found that on July 22, twelve days after defendant's appearance at the special session of the board, that:

"plaintiff accepted the base bid of the defendant * * * and notified the defendant accordingly."

The error was that there was no longer in law any "base" bid to be accepted. Defendant, when manifestly, legally entitled to, withdrew that bid and made another offer. The situation here is not the same in law, or in fact, as existed in the case

relied upon by the trial judge. *Kutsche* v. *Ford* (1923), 222 Mich 442.

*Kutsche* is a deceptive case to read and apply to the facts of the case at bar. In *Kutsche* it was the *contractor* who brought the action. Here the situation is the exact converse. The school board is seeking damages from the contractor. The headnotes of that case are also deceptive in that they recite settled law adverse to the plaintiff contractor, but the case holds them inapplicable to his suit for the return of his bid deposit since he withdrew his bid before acceptance.

*Kutsche* and the cases that follow it are dispositive, but contrary to the result reached herein. We refer particularly to the successor opinion, *Union & People's National Bank* v. *Anderson-Campbell Co.* (1932), 256 Mich 674. In *National Bank, supra,* the City of Lansing advertised for sealed bids for the construction of a sewer in that city. The defendant company submitted a bid totaling $46,325.75. It was accompanied by a certified check in the amount of $2,300, representing security for the contractor's promise to enter into the contract within 10 days after receiving notice of acceptance.

At the first regular meeting of the city council, following opening of the bids, the council was advised by written communication from the defendant that an error totalling $2,873 had been made. Nonetheless, the council promptly accepted the bid. Defendant thereupon refused to complete the contractual formalities and directed the bank on which the bid deposit check was drawn to stop payment. Thereafter, an action was brought in which the contractor was a named defendant. A decree for defendant contractor was entered and affirmed following appeal to the Supreme Court. The Court quoted liberally from *Kutsche* observing that:

"Where a mistake is of so fundamental a character that the minds of the parties have never, in fact, met, or where an unconscionable advantage has been gained by mere mistake or misapprehension, and there was no *gross negligence* on the part of the plaintiff, either in falling into the error or in not sooner claiming redress, and no intervening rights have accrued, and the parties may still be placed *in statu quo,* equity will interfere in its discretion, to prevent intolerable injustice." (p 678.) (Emphasis supplied.)

The above distinction is also discussed in 52 ALR2d 792, 794:

"The term 'negligence', or its equivalent, in this connection generally means ordinary negligence, which will not necessarily bar granting equitable relief. Otherwise qualified, it generally means carelessness or lack of good faith in calculation which violates a positive duty in making up a bid, so as to amount to gross negligence, or wilful negligence, when it takes on a sinister meaning and will furnish cause, if established, for holding a mistake of the offending bidder to be one not remediable in equity. *It is thus distinguished from a clerical or inadvertent error in handling items of a bid, either through setting them down or transcription."* (Emphasis supplied.)

As in *National Bank, supra,* no intervening rights accrued. The bids were not cancelled and readvertised. The board accepted the second lowest bid. To award the school district the difference between the erroneous bid and that which was accepted would seem to us to be unconscionable.

As to the claim against the surety on the bid bond the condition of the obligation is that " * * * if the obligee [board of education] shall accept the bid of the principal [contractor] * * * or in the event of the failure of the principal to enter such

contract * * * " then certain liability arises on the part of the surety.

Neither of the conditions under which the surety would be liable eventuated. Here there could be no liability upon the part of the surety.

We reverse as to the judgment against the surety as a matter of law.

All concurred.