CLINTON COUNTY DEPARTMENT OF PUBLIC WORKS v
AMERICAN BANK & TRUST COMPANY

Docket No. 61684. Decided March 5, 1979. On application by plaintiff
for leave to appeal the Supreme Court, in lieu of granting leave
to appeal, reversed the decision of the Court of Appeals and
reinstated the judgment of the circuit court. Rehearing denied
*post*, p 1122.

The Clinton County Department of Public Works brought an
action for breach of a contract to construct a sanitary sewer
against American Bank and Trust Company, executor of the
estate of Lowell C. Smith, who did business as Smith Engineers
and Contractors, but who died after he was awarded the
contract as the lowest bidder, and against American Casualty
Company of Reading, Pennsylvania, which issued the bid bond.
The Clinton Circuit Court, Leo B: Bebeau, J., granted judgment
for the plaintiff in the amount of the bid bond. The Court of
Appeals, N. J. Kaufman, P.J., and D. E. Holbrook, Jr., and D. F.
Walsh, JJ., reversed in a per curiam opinion on the ground
that Smith had made a unilateral mistake (Docket Nos. 77-413,
77-457). Plaintiff applies for leave to appeal. *Held:*

The trier of fact determined from the evidence that no
mistake had been made. Smith's bid was more than $500,000
lower than the next lowest bid, but it was only $90,000 less
than the estimate of the project's engineer. The trial court
concluded that Smith had not made an error but was seeking
in bad faith to renegotiate his contract while still being the
lowest bidder. Smith never disclosed the nature or amount of
the claimed mistake. The finding of the trial court that there
was no mistake is supported by the record and not clearly
erroneous, and, therefore, it may not be overturned on appeal.

The judgment of the Court of Appeals is reversed and that of
the trial court is reinstated.

83 Mich App 259; 268 NW2d 367 (1978) reversed.

*Maples & Wood* for plaintiff.

*Frank X. Fortescue, P.C.,* for defendants.

PER CURIAM. The issue before us is whether

there is sufficient evidence in the record to support the conclusion of the Court of Appeals that a unilateral mistake was committed by the bidding contractor, Smith Engineers and Contractors, which supports the position that the contractor should have been relieved from the obligation to enter into a contract with the plaintiff at the bid price. The trial judge concluded, after a nonjury trial, that there was no proof or credible evidence of a material mistake. Our review of the record leads us to the same conclusion and we therefore reverse the Court of Appeals and reinstate the judgment of the trial court in favor of the plaintiff.

I

In 1972 the plaintiff, Clinton County Department of Public Works, advertised for bids to complete a sanitary sewer project in DeWitt Township. Bid bonds were required to accompany the bids. Thirteen bids were received and opened on March 30, 1972. The bid of Smith Engineers and Contractors was lowest of the 13 bids, in the total amount of $1,825,555. The next lowest bid was $550,797 higher than Smith's bid. The highest bid of the 13 was in excess of $3,500,000.

On at least two occasions before the DPW met to act on the bids, Smith alleged error in his bid. However, he never informed the board or anyone else connected with the project of the nature of the claimed error or the specific amount. He did not seek to withdraw the bid but hinted strongly that he wanted to renegotiate the amount of the contract. No specific amount at which he would renegotiate the bid was ever disclosed by Smith.

On April 6, 1972, the DPW voted to accept Smith's bid. Smith was present at the meeting and did not indicate whether he would accept the

contract pursuant to the DPW's vote. On April 13, 1972, Smith, by letter from his lawyer, advised the DPW of his intent to withdraw and rescind his bid. As a result, the DPW was forced to accept the second lowest bid and the township was required to issue additional bonds to finance the increased cost.

Smith died in May of 1972, before this lawsuit was started. It was not until after the litigation commenced that the amount and nature of the claimed error in Smith's bid was disclosed by affidavit of Smith's superintendent.

After a nonjury trial on October 12, 1976, the trial judge issued an opinion in favor of the plaintiff and against the defendants in the amount of the bid bond which was 5% of the total bid, approximately $91,000. The Court of Appeals reversed on the grounds that a court in equity will grant a contractor relief from a bid where there has been a unilateral mistake in the bid as a result of a clerical error or inadvertence, and there has not been gross or willful negligence by the contractor. *Clinton County v American Bank & Trust Co,* 83 Mich App 259; 268 NW2d 367 (1978).

## II

The DPW now seeks leave to appeal. Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

## III

The opinion of the Court of Appeals assumes the existence of a unilateral mistake by the contractor

in computing its bid. On that assumption, the Court ruled that Smith should have been relieved from the obligation to enter into a contract at the bid price, leaving the plaintiff with various options, including acceptance of the second highest bid. *Fraser Public Schools Dist v Kolon,* 35 Mich App 441; 193 NW2d 64 (1971), *lv den* 386 Mich 768 (1971); *Kutsche v Ford,* 222 Mich 442; 192 NW 714 (1923); *Puget Sound Painters, Inc v Washington,* 45 Wash 2d 819; 278 P2d 302 (1954).

Had the assumption of the Court of Appeals of the existence of a unilateral mistake been correct, then it is arguable that the result reversing the holding of the trial court would also have been correct. However, the trier of fact determined from the evidence that no mistake had been made. We cannot say that this determination was clearly erroneous or that a preponderance of the evidence shows otherwise.

The trial judge carefully analyzed the testimony and determined that no mistake had been made, saying at two different points in his opinion that he found "no proof or credible evidence of a material mistake". It should be noted that Smith's bid was in excess of one-half million dollars less than the next lowest bid but it was only approximately $90,000 less than the estimate of the project's engineer for the completion of the work under the contract. In analyzing the testimony, the trial court came to the conclusion that Smith had not made an error, but, realizing the amount of the gap between his bid and the next highest bid, sought to renegotiate his contract in bad faith for more money while still being the lowest bidder. Under these circumstances, the cases cited by the Court of Appeals and by the defendants on appeal are not applicable.

The trial court held that the credible evidence showed that Smith did not desire to withdraw his bid until he learned that he could not increase the amount of the bid through renegotiation. He never disclosed the nature or amount of the claimed mistake and the court determined that Smith was deceitful in his dealings with the DPW and found support in the record for the proposition that Smith was not honest in his assertion of a mistake and wanted only to renegotiate the amount of the contract.

There was, therefore, a clear finding by the trial court that there was no mistake by Smith. Because the record supports such finding, we do not over-turn it on appeal. GCR 1963, 517.1.

The judgment of the trial court is reinstated; costs are awarded to the plaintiff.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.