GREGORY FEREND Co., INC., Respondent, *v.* THE STATE OF NEW YORK, Appellant.
(Claim No. 24226.)

Third Department, May 5, 1937.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden* and *Darwin W. Telesford, Assistants Attorney-General,* of counsel], for the appellant.

*Arthur G. Syran,* for the respondent.

CRAPSER, J. The claim was brought to recover a deposit in the sum of $835 by the claimant under its proposal to furnish all labor and materials for the interior painting of Kings Park State Hospital, which work was duly advertised by the State.

The facts are not in dispute; no evidence was introduced by the State. The claimant is a New York corporation.

An appropriation was made for the work at Kings Park State Hospital, and pursuant to the appropriation and under the direction of the State Commissioner of Mental Hygiene the State Commissioner of Architecture prepared plans and specifications and advertised for sealed proposals according to the plans and specifications on July fifteenth, stating that bids would be received and opened on the 28th of August, 1935.

The claimant's estimator in pursuance of the advertisement figured on the work to be done and left the figures with the clerk in their office for final preparation of the estimate, he leaving for the West before the bid was prepared.

Claimant submitted its sealed bid for the sum of $16,670 for the painting work, accompanied by a certified check in the sum of $835. The other bidders for the work estimated the work from $26,500 to $38,800.

On September fifth claimant's estimator discovered that his bid was low and that the next lowest bid was $9,850 higher. It is customary in the trade where two buildings, or where two parts of a building are similar to take the quantities for one portion and then to doub e the portion for the total. The two wings of the hospital were identical but claimant's estimator did not double the quantity but estimated the quantity for only one wing. The quantity of wall set down by the claimant's estimator on his work sheet was 234,400 square feet which was erroneous in that he forgot to double the amount, making a total of 468,800 square feet. His total estimate for the work should have been $24,270 instead of $16,670.

As soon as he discovered this and on the 5th of September, 1935, a letter by claimant's estimator was sent to the Commissioner of Mental Hygiene, State Office Building, Albany, N. Y., stating that an error had been made in the making of the bid and requesting that the bid be withdrawn and that the $835 deposit be returned.

On September 5, 1935, the Commissioner of Architecture recommended to the Commissioner of Mental Hygiene that the bid of the claimant herein be accepted and on September tenth the claimant was specifically notified that the work would be awarded to it upon the execution of the contract and the furnishing of a satisfactory bond. On September eleventh the proposed contract and bond were forwarded to the claimant and on September fourteenth the claimant wrote an answer referring to its letter of September fifth, withdrawing its bid.

The proposal contained the following provision: " Each proposal shall be accompanied by a deposit as a guarantee that bidder will enter into the contract if awarded same. Deposit shall consist of a certified check drawn upon some legally incorporated bank in this State and made payable to the State of New York, or money."

Section 14 of the Public Buildings Law, among other things provides:

" Every bid received must be a sealed bid and enclosed therewith the bidder shall deposit with the board, department, commissioner or officer receiving the bids a certified check drawn

upon some legally incorporated bank in this State, or money, for five per centum of the amount of his bid as a guaranty that he will enter into the contract if it be awarded to him."

" No bids shall be withdrawn or cancelled until after the contract shall have been awarded."

The claimant did not sign any contract for the performance of the work. The State refused to return to the said claimant the certified check for $835 and recommended to the Department of Mental Hygiene the forfeiture of said amount and on October 9, 1935, the Department of Mental Hygiene declared the amount forfeited. The check was dated August 27, 1935, and collected November 13, 1935, and credited by the State of New York to the General Fund.

There is no question that a court in equity can relieve a bidder who has made an unintentional mistake in its bid before its acceptance. (*City of New York* v. *Seely-Taylor Co.*, 149 App. Div. 98; *Moffet, Hodgkins & Clarke Co.* v. *Rochester*, 178 U. S. 375; *City of New York* v. *Dowd Lumber Co.*, 140 App. Div. 358; *Harper, Inc.*, v. *City of Newburgh*, 159 id. 695; Restatement of the Law of Contracts, §§ 34, 35.)

The rule of equity in the above cases cannot help the claimant in this case.

These provisions of the Public Buildings Law were in force at the time that the proposals were asked for and the claimant was supposed to know the law and probably did know of these provisions.

It cannot in this action be relieved from the forfeiture of its deposit and have its money returned to it.

The judgment of the Court of Claims should be reversed upon the law and the claim dismissed, with costs.

RHODES, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents.

Judgment reversed on the law and claim dismissed, with costs.