MILTON PSATY et al., Copartners Doing Business as GREATER NEW YORK WATERPROOFING COMPANY, Respondents, *v.* PERRY B. DURYEA, as Commissioner of Conservation of the State of New York, et al., Appellants.

Third Department, May 13, 1953.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Thomas Burke, John F. Hmiel* of counsel), for appellants.

*Homer E. Peters* for respondents.

FOSTER, P. J. This is an appeal from a judgment of the Supreme Court, entered upon the decision of an Official Referee, in favor of appellants who were bidders upon a contract for the construction of a public building, directing that their bid check, or the proceeds thereof, amounting to $7,500 be returned to them. The judgment also enjoins and restrains the appellants from declaring the respondents' bid check forfeited, and from transferring the proceeds into the general fund of the State of New York.

The complaint alleges that respondents submitted a written bid for the construction of a public building at Harriman State Park, which included labor and materials. The amount of their bid was $148,790. In connection with this bid they filed a certi-

fied check for the sum of $7,500 with the Superintendent of Public Works. While the complaint does not so allege the law requires the bid checks of the three low bidders to be filed in the first instance with the Superintendent of Public Works, who shall forward the same to the Comptroller, who in turn must deposit them in a special account (Public Buildings Law, § 8, subds. 3, 4). Respondents were the low bidders and several days after the opening of the bids they discovered that their bid did not include the cost of furnishing certain brick work. They asked leave to withdraw their bid and requested the return of their certified check, or the proceeds thereof, and these requests were refused. Respondents allege that the error in their bid came about through a mistake in computation relative to brick work. In their prayer for relief they asked that the bid be rescinded and declared null and void; that appellants be enjoined from declaring them in default and forfeiting the bid check; and also from transferring or in any manner attempting to place the proceeds of such check in the general fund of the State. The answer of appellants is largely a general denial.

So far as the merits of the case are concerned it seems quite clear that respondents made an honest mistake in measuring the quantity of brick necessary for the work by using the fraction 8/12 to indicate the number of bricks per lineal foot of each brick course instead of the figures 12/8, the correct quantity of brick per lineal foot. The quantity of brick reduced by this error of computation ran into something over one hundred thousand bricks. If it were not for the issue of jurisdiction we should say the evidence justified the judgment.

However the issue of jurisdiction is raised by the State and presents in our view an insurmountable obstacle to affirmance. It will be noted that the appellants are sued not individually but in their official capacity. This points almost conclusively to the proposition that the real defendant is the State, and if so the Supreme Court has no jurisdiction. The test was stated in *Breen* v. *Mortgage Comm.* (285 N. Y. 425, 429): " If the real defendant is the State, then, of course, it may be sued only as it has consented to be sued, to wit, in the Court of Claims. (*Adler, Inc.,* v. *Noyes,* 285 N. Y. 34.) In many of these cases the problem presented for determination is whether the action is against an agency of the State, or whether it is against a public official in his personal capacity. In the latter event, the action may be brought where it can be maintained against the public official as a private person, whereas if the action is brought

against the public agent in his official status, the claim is in fact against the State and may be maintained only in accordance with the consent of the State, *i.e.*, in the Court of Claims. (*Pauchogue Land Corp.* v. *Long Island State Park Commission*, 243 N. Y. 15.)"

It is impossible, we think, to escape the application of this test under the conceded facts of this case. Concededly here the appellants were at all times acting as public officials and they are sued in that capacity. Every act they performed was in compliance with statutory authority and nowhere has it been pointed out that they acted illegally except, of course, the respondents claim that they should be required to return the bid check or the proceeds thereof. Respondents cite section 879 of the Civil Practice Act as authority for injunctive relief against State officers. We cannot see where this section has any application whatever. It simply provides that where a duty is imposed by statute upon a State officer an injunction to restrain him from the performance of that duty or to prevent the execution of the statute shall not be granted except by the Supreme Court. Obviously this has nothing to do with a claim for the payment of money. It would be applicable only if the Supreme Court had jurisdiction of the subject matter of the action.

Respondents cite a case which is closely analogous. In *Levine* v. *Parsons* (258 App. Div. 1003) this court held that the Supreme Court, in the exercise of its equitable jurisdiction, might relieve a bidder upon public works from a material mistake of fact and direct the return of his bid check. However in that case the issue of jurisdiction was not raised, and the judgment directed the return of a specific check. *Ferend Co.* v. *State of New York* (251 App. Div. 13, affd. 277 N. Y. 593), cited in support of the judgment came up from the Court of Claims and the issue of the Supreme Court's jurisdiction was not involved.

Respondents have also cited a number of cases against municipalities where the Supreme Court has, in the exercise of its equitable jurisdiction, directed the rescission of bids and the return of bid checks or their equivalent (*Harper, Inc.*, v. *City of Newburgh*, 159 App. Div. 695, affd. 222 N. Y. 670; *Martens & Co.* v. *City of Syracuse*, 183 App. Div. 622; *Moffett, Hodgkins & Clarke Co.* v. *Rochester*, 178 U. S. 373). Those cases have nothing to do with the issue of whether the State has consented to be sued in any other court except the Court of Claims.

In *Adler, Inc.*, v. *Noyes* (285 N. Y. 34) these facts were revealed. An applicant for a milk license deposited a license

fee with its application as required by statute. The statute also provided that the commissioner should deposit to his credit all license fees and other moneys collected by the Division of Market Control, and on or before the tenth of each month pay over to the Department of Taxation and Finance all license fees received from those to whom licenses were issued during the preceding month, and that such money should be paid into the State Treasury to the credit of the general fund. A license was not granted to the plaintiff and his demand for the return of the license fee brought no result. Thereafter he sued in the County Court of Albany County and obtained a judgment against the commissioner for the amount of the license fee plus interest and costs. The judgment was affirmed by this court. However the Court of Appeals took the ground that the judgment assumed to impose a liability upon the State of New York and was a nullity because the State had not consented to be sued in any tribunal except in the Court of Claims. This language was used in the opinion by the Court of Appeals (pp. 36–37) : '' The statute commanded the Commissioner in the first instance to deposit to his credit in a single fund all moneys collected by the Division of Milk Control. The fee paid by this plaintiff was absorbed into that general fund and had thereafter no severable character. This action was one to compel restitution to the plaintiff of an equivalent of that payment. But the Commissioner had no authority to repay the plaintiff. Any duty to make such reimbursement was a duty of the State. * * * The Commissioner was sued by the title of his office. The judgment accosts him in his official status. The State is the real defendant here.''

It seems to us the conceded facts in this case fit precisely into the foregoing language. Where the opinion says the fee paid was absorbed '' into that general fund '' it was not referring to the general fund of the State but to a single fund of the commissioner. In other words after the commissioner had deposited to his credit in a single fund all license fees he had received, then no part of a license fee thereafter had a severable character. And that is the situation here. Once the Superintendent of Public Works had turned over the bid checks of the three lowest bidders to the Comptroller and the latter had deposited them in a special account, they lost their severable character. The checks could not thereafter be returned and any claim for the proceeds thereof was necessarily against the State because even a special account in the name of the Comptroller is actually an account of the State.

There is no statute authorizing the Comptroller to repay the respondents under the circumstances.  Subdivision 5 of section 8 of the Public Buildings Law provides: '' The money represented by the certified checks of the three low bidders shall be paid from the special account upon the approval and filing of the contract in the office of the comptroller or the rejection of all bids ''.  Since none of these contingencies happened this particular subdivision does not authorize repayment to the respondents.  Section 140 of the State Finance Law provides in substance that if no award of a contract is made within forty-five days after the receipt of the bids, the bidder may withdraw his bid and then his deposit shall be forthwith returned to him.  The facts of this case are not within this section for the contract was awarded within forty-five days to the respondents.

From the foregoing we draw the conclusion that the Supreme Court had no jurisdiction to render the judgment appealed from. Respondents' remedy, if any, was in the Court of Claims.  It is urged that the latter court has no equitable jurisdiction, and therefore the respondents had to bring this action in the Supreme Court or be without a remedy.  Even if respondents' first premise is correct it would not suffice to confer jurisdiction on the Supreme Court; but sections 8, 9 and 12 of the Court of Claims Act confer very broad jurisdiction upon the Court of Claims to hear and determine all claims against the State, and we think this broad grant of power necessarily implies the right to afford equitable relief where the same may be incidental to a claim for a money judgment.

The judgment should be reversed and the complaint dismissed on the law and without costs.

BERGAN, COON, HALPERN and IMRIE, JJ. concur.

Judgment reversed and complaint dismissed, on the law, without costs.  The findings of fact are affirmed.