THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN W. ROUSE CONSTRUCTION CORPORATION et al., Respondents.

Third Department, November 29, 1966.

*Louis J. Lefkowitz, Attorney-General* (*George H. Rothlauf* and *Ruth Kessler Toch* of counsel), for appellant.

*McClung, Peters & Simon* (*Robert E. Simon* of counsel), for respondents.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Albany County, dismissing the State's complaint after trial.

On February 4, 1960 the State opened bids submitted for work on two canal locks in Oswego County and on February 8 notified respondent John W. Rouse Construction Corporation that it was the low bidder. Rouse shortly thereafter realized that the State required the lock gates to be fabricated in one piece and shipped to the work site in that manner but that Rome Iron Mills, its subcontractor for the locks and upon whose bid Rouse in turn had made its estimate, had planned to fabricate the lock gates in several sections, ship them to the job and assemble them on the site and could not do otherwise because of its location. Faced with the withdrawal of its subcontractor's bid Rouse on February 25, 1960 informed the State of its dilemma and sought to withdraw its bid without loss of its bid deposits, but on March 14, 1960 the State denied the requested withdrawal. Immediately on March 15, 1960 Rouse suggested that its bid be amended to cover the increased costs involved, but on March 31 was notified that it had been awarded the contracts as originally bid. In April, 1960 Rouse informed the State that it withdrew its bid because of its mistakes on the bids and because the State had not accepted its bids within 30 days after the opening of bids as required by the submitted bid form, and the State thereafter brought the instant suit to recover on Rouse's performance bond. The trial court in granting judgment dis-

missing the complaint held that the 30-day provision was applicable and not complied with by the State, that the subsequent discussions between Rouse and the State and Rouse's offer to accept an increased bid did not waive Rouse's right to assert the provisions of the original proposals and that Rouse's " counterclaim " for mistake had no merit citing *Psaty* v. *Duryea* (306 N. Y. 413).

The State urges primarily that section 140 of the State Finance Law precludes the result reached here. However, even assuming the applicability thereof, section 140 specifically provides that a bidder " may withdraw his bid if no award of the contract be made within forty-five days after the receipt of the bids ", and concededly the State did not accept the bid until March 31, some 56 days after receipt of the bids. The State's acceptance not being timely, the respondent had the right to withdraw its bid and to recover its deposit. Nor, assuming the initial withdrawal of February 25 was not effective, is the fact that the State purportedly accepted prior to respondent's second notice of withdrawal of any import here where the State was fully aware and had notice of respondent's desire to withdraw unless the conditions of performance could be altered and the withdrawal followed promptly the purported acceptance.

Furthermore, we find that Rouse has established a valid defense of mistake in the instant case. The courts of this State have long recognized that one who makes a bid based on an honest and unintentional mistake can in the interest of equity be relieved from his contractual obligation (*Abner M. Harper, Inc.* v. *City of Newburgh,* 159 App. Div. 695, affd. 222 N. Y. 670). As this court stated in *Levine* v. *Parsons* (258 App. Div. 1003, 1004, mot. for lv. to app. den. 282 N. Y. 808): " The bid was for the installation of electrical work at a State Hospital. After the bids were opened but before any of them were accepted, plaintiff discovered and notified the State that he had made an error in the preparation of his bid, withdrew the bid and asked to have his bid check returned. This error consisted of a failure to include the cost of transportation and erection in an item of iron work. The proof showed that such a mistake was actually made in the preparation of the bid. Plaintiff was, therefore, entitled in an action in equity to be relieved of the result of this unintentional mistake." A similar approach has been taken by the courts of most other jurisdictions (e.g., *Rushlight Automatic Sprinkler Co.* v. *City of Portland,* 189 Ore. 194; *Kemper Constr. Co.* v. *City of Los Angeles,* 37 Cal. 2d 696; *State* v. *Union Constr. Co.,* 9 Utah 2d 107; Ann. 52 ALR 2d 792; cf. *Daddario* v. *Town of Milford,* 296 Mass. 92). In the instant

case it is clear that Rouse acted in good faith and without gross negligence, that it gave prompt notice of the error in the bid to the State and that it would have suffered a substantial detriment. The State on the other hand does not even claim that its status was materially affected (the State merely awarded the contract to the next highest bidder) or that it suffered any undue hardship. Thus on the instant record equity commands that appellant's defense of mistake be upheld and accordingly we disapprove the trial court's findings to the contrary. Nor does *Psaty* v. *Duryea* (306 N. Y. 413, *supra*) preclude this result. The assertion of mistake here is not as in *Psaty* v. *Duryea* (*supra*) a counterclaim against the State which jurisdictionally may not be asserted in the Supreme Court but an affirmative defense and as such could properly be raised in the present proceeding.

The judgment should be affirmed.

GIBSON, P. J., and STALEY, JR., J., concur. HERLIHY, J., concurs in the result but on the sole ground that the bid was properly withdrawn prior to the acceptance by the State. TAYLOR, J., not voting.

Judgment affirmed, with costs.