James H. Boomer, J.
Petitioner brings this CPLR article 78 proceeding to review the act of the Monroe County Legislature in awarding the general contract for the construction of the "Resource Recovery Facility” to the respondent Hyland and Sons, Inc. Petitioner claims that Hyland, by refusing to extend *335 its bid beyond the 45-day period, had in effect withdrawn its bid and for that reason the award to Hyland was improper.
Section 105 of the General Municipal Law provides that when a bid deposit or other security is required "a person or corporation submitting a bid may withdraw the same if no award of the contract be made within forty-five days after the receipt thereof, and upon such withdrawal such deposit shall be forthwith returned.”
When it became apparent to the county that it would not be able to complete its review of the bids and award the contracts within the 45-day period, the county wrote to all the bidders asking them to extend their bids for an additional 45 days. The respondent Hyland answered that "we are unable to extend our bid, unless our low price is increased by $347,000.” This request for extra money was refused and Hyland again wrote "our bid cannot be extended beyond the original date as per specifications.”* Nevertheless, Hyland did not thereafter withdraw its bid nor did it ask for the return of its bid bond. On September 15, 1976, some 60 days after the submission of the bid, Hyland wrote that it would "hold our bid of July 15, 1976 * * * until 5:00 P. M. on September 24, 1976.” The contract was awarded to Hyland on September 16, 1976.
For its contention that Hyland had withdrawn its bid, petitioner relies upon the cases of Hunkin-Conkey Constr. Co. v City of Dunkirk (69 Misc 2d 1042, affd 40 AD2d 749) and People v Rouse Constr. Corp. (26 AD2d 405). In Hunkin-Conkey (supra), plaintiff contractor, the day after it submitted its bid, telegraphed the municipality stating its bid contained several mistakes and that the bid was to be considered withdrawn. More than 45 days after the submission of the bids the municipality awarded the contract to the plaintiff. The court held that the bid was withdrawn by the telegram and could not be accepted after the 45-day period. The same decision was made in Rouse (supra), where the contractor informed the State that it had withdrawn its bid because of mistakes in the bid.
In both cases there was an unequivocal statement that the bid was withdrawn. Here, there is no such unequivocal statement. In response to the county’s request to extend its bid, so as to make it irrevocable after the 45-day period, Hyland *336 stated it would not do so, but it did not state that its bid was withdrawn. Although it conveyed to the county its intention not to permit its bid to be irrevocable, Hyland still had the option, after the 45-day period, to let its bid stand or to withdraw it. As long as Hyland let its bid stand and did not withdraw it, the county was empowered to accept that bid and award the contract to Hyland.
I find that the determination of the Monroe County Legislature in awarding the contract to Hyland, was neither in violation of lawful procedure, effected by an error of law, arbitrary, capricious, nor an abuse of discretion (CPLR 7803, subd 3).

 The specifications state “A bidder may not withdraw his proposal within forty-five (45) days after the opening of the proposals”.