In the Matter of T.P.K. CONSTRUCTION CORP., Respondent, v JAMES C. O'SHEA, as Commissioner of the Office of General Services of the State of New York, et al., Appellants.

Third Department, July 26, 1979

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for appellants.

*Tunstead & Schechter (Steven Rubin* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

In this proceeding, a contractor challenges the refusal by the State Office of General Services to rescind its bid due to its unilateral mistake, and seeks to recover its bid deposit. Essentially, petitioner's argument is one of equity and, as such, has been judicially recognized where the mistake made by the bidder can be objectively established and where it does not evolve from an inherent risk of business *(Balaban-Gordon Co. v Brighton Sewer Dist. No. 2,* 41 AD2d 246, 251). Courts have granted rescission where an incorrect interpretation of the contract resulted in omitting certain equipment from a bid *(Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra),* where there were arithmetic errors clearly evident on the face of the bid itself *(City of New York v Dowd Lbr. Co.,* 140 App Div 358), where the bidder failed to include the cost of transportation and erection of required iron work *(Levine v Parsons,* 258 App Div 1003, mot for lv to app den 282 NY 808) and even where a subcontractor's mistake made the bidder's proposal inadequate to cover his costs *(People v Rouse Constr. Corp.,* 26 AD2d 405). Of course, once the bid is rescinded, the bid deposit must be returned to the bidder *(Abner M. Harper, Inc. v City of Newburgh,* 159 App Div 695, affd 222 NY 670; *City of New York v Dowd Lbr. Co., supra).*

But before we can pass on the merits of petitioner's

equitable arguments, we must first determine if they can be considered at all. Certainly, if petitioner had brought this action in the Court of Claims, its claim would be dismissed due to the limited equity jurisdiction of that court (Court of Claims Act, § 9; *Ferend Co. v State of New York,* 251 App Div 13; see, also, *Matter of Silverman v Comptroller of State of N. Y.,* 40 AD2d 225). And it seems that the Court of Appeals has foreclosed access to State Supreme Court for these types of actions *(Psaty v Duryea,* 306 NY 413; *People v Rouse Constr. Corp., supra;* cf. *Glassman v Glassman,* 309 NY 436). That court ruled that an action to annul a bid on equitable grounds and refund the bid deposit is a suit against the State and, therefore, beyond the jurisdiction of the Supreme Court *(Psaty v Duryea, supra,* p 417). We note that a declaratory judgment action for this type of claim may also be foreclosed on jurisdictional grounds (cf. *Psaty v Duryea, supra,* with *New York State Thruway Auth. v Hurd,* 29 AD2d 157; *Town of Ohio v People,* 264 App Div 220).

Petitioner has avoided these jurisdictional pitfalls by bringing this suit in the form of an article 78 proceeding, alleging that appellant commissioner is culpable under CPLR 7803 (subds 1, 2, 3). Our exposition of the jurisdictional morass involved in these claims illustrates the impasse apparently created by the Court of Appeals for equitable claims brought by contractors against the State *(Psaty v Duryea, supra).* A court's standard of review in an article 78 proceeding to review an act of discretion by an agency is not one of equity, but rather of rationality *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231).

On the record before us, we cannot say that the commissioner's refusal to rescind the bid was irrational, i.e., arbitrary and capricious. The bid documents themselves set forth the procedure by which a contractor could rescind its bid and be returned the bid deposit. A bid could be withdrawn if the contractor, by clear and convincing proof established that a verifiable error occurred which resulted in the bid being substantially below what was necessary and that the contractor would suffer substantial loss if directed to perform the contract at the price set forth in the bid. It is true petitioner made prompt application for rescission at the time the bids were opened, but petitioner's proof of verifiable error is equivocal. The bid in question was for construction work, exterior painting, waterproofing and appurtenant work on various

buildings at the Kings Park Psychiatric Center. The State estimated that the contract price would be between $100,000 and $150,000. Petitioner's bid was $76,944, the next closest bid was $112,000, and two other bids were at less than $113,000. After these four low bids, the other seven bids ran from $134,320 to $215,200. Petitioner asserts that its low bid is due to an omission of waterproofing in his cost estimate, but it offers no other proof as to how the mistake was made other than a cost breakdown prepared after the bids were opened and the alleged mistake uncovered.

The commissioner determined that since all the documentary evidence submitted was developed subsequent to the bid opening and the material was prepared solely for the purpose of withdrawing the bid, petitioner had failed to prove error. Additionally, the commissioner found that the alleged error resulted from the negligence of the bidder in developing its bid and not from a computational mistake. He, therefore, refused to rescind the bid and declared petitioner's bid deposit of $12,000 forfeit.

Special Term ruled in favor of petitioner on its equitable arguments, but did not consider any limitation of equitable powers due to the nature of the proceeding before it. We are constrained to reverse because we find that the commissioner's determination is rational, although perhaps not equitable. Apparently, the Court of Appeals, by consigning these claims to article 78 proceedings, in effect has predetermined that only outrageous inequitable results, i.e., those that are irrational, arbitrary and capricious, can be overturned by this court. We make no ruling on the merit of petitioner's equitable claims.

The judgment should be reversed, on the law, without costs, and the petition dismissed.

GREENBLOTT, STALEY, JR., and MIKOLL, JJ., concur; MAIN, J., not taking part.

Judgment reversed, on the law, without costs, and petition dismissed.