In the Matter of G & R ELECTRICAL CONTRACTORS, INC., Respondent, v JOHN C. EGAN, as Commissioner of the Office of General Services of the State of New York, et al., Appellants.

Third Department, March 11, 1982

### APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Richard J. Dorsey, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellants.

*DeLucia & Fox* (*Laurence I. Fox* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

In response to an advertisement by the Office of General Services (OGS), petitioner, an experienced bidder on State projects, submitted a bid on the installation of intrusion

detection systems at various State armories in the New York City area. A specification of the contract provided that the "Installer * * * shall be listed by Underwriters' Laboratories for installation of alarm systems". OGS postponed the original bid opening date for the project from December 27, 1979 until April 17, 1980, at which time the bids were opened. Petitioner's bid, made on a bid form which declared that it had carefully examined the bidder's instructions and contract documents, and accompanied by its deposit of $19,700, was submitted March 27, 1980. On May 8, 1980, OGS notified petitioner that it was the low bidder and forwarded the contract documents for execution and resubmission, within 10 days, as required by the bid form. Shortly thereafter, petitioner became aware that it had overlooked the installer's qualification requirement and, by letter dated June 9, it attempted to withdraw its bid. In the interim, petitioner found that its efforts to enter into a subcontract with a listed installer rendered its bid unprofitable and its request to have OGS waive compliance with this condition of the contract was rejected. OGS declined to allow withdrawal of the bid and, after a hearing, the bid deposit was proclaimed forfeited. Petitioner thereupon instituted this proceeding and Special Term annulled the agency's determination.

Section 140 of the State Finance Law permits a bidder to withdraw his bid and have his deposit returned if the contract is not awarded "within forty-five days after the receipt of the bids". That 45-day period is triggered not by the date bids are submitted but by the date they are opened. In the context of section 140, "receiving" bids is to be equated with their opening (see *People v Rouse Constr. Corp.*, 26 AD2d 405). Were it otherwise, bidders could, by submitting bids at various dates well before a scheduled opening date, reduce the amount of time the State could have available to it to consider and compare bids, and thus hamper the State's reasoned evaluation of them, which a uniform time limit affords.

The assertion that OGS waived the right to forfeit petitioner's bid security by neglecting to award the contract within the 45-day period and prior to petitioner's bid withdrawal is disingenuous at best, since it was petition-

er's failure to timely execute and return the contract documents that prevented approval by the Comptroller and formal awarding of the contract. Moreover, the bid form expressly provided that should the requirement that executed copies of the agreement be returned within 10 days not be observed, the bid security "shall become the property of the State".

We find respondent's refusal to return the deposit neither arbitrary nor capricious. The instructions to bidders permit the withdrawal of a bid after the date specified for the opening of bids only if there was a verified error in the bid's computation which substantially lowered the bid and would cause the bidder, if directed to proceed with the contract, to suffer substantial loss. Here the error was not the product of a mistaken calculation, but of petitioner's negligence in overlooking a term of the contract.

Further, as nothing in the specifications requires that the contractor to whom the contract is awarded also be the installer, the State had no affirmative duty, at the time of the bidding, to concern itself with the bidder's listing status. Accordingly, its failure to investigate the contractor's status before awarding the bid furnishes no justification for precluding the State's retention of the deposit.

The judgment should be reversed, on the law, and the petition dismissed, without costs.

MAHONEY, P. J., SWEENEY, MIKOLL and LEVINE, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.