■ In the Matter of DIERKS HEATING COMPANY, INC., Appellant, v JOHN C. EGAN, as Commissioner of the Office of General Services, Executive Department of the State of New York, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered April 23, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Office of General Services to forfeit petitioner's bid deposit.

Petitioner, a heating, ventilating and air conditioning contractor, submitted the lowest bid of $583,565, together with a bid deposit of $21,000, to the Office of General Services (OGS) in connection with the construction of the State Police Troop L Headquarters in the Village of Farmingdale, Nassau County. Petitioner was so informed and was also told that the next lowest bid was $739,777, or $156,212 greater than petitioner's bid. This disparity caused petitioner's president to review the OGS specifications and he then ascertained that petitioner had failed to include in its submitted bid the cost of temporary heat and fuel, as required by the specifications, because the construction was a new building which lacked a preexisting heating system. Petitioner admits that its failure to include this item was negligence on its part. Despite this admission, however, and contrary to the instructions with which it was furnished permitting the withdrawal of bids only if the bidder made a verified error in its computation, petitioner requested OGS to release it from the bid.

OGS granted petitioner a "mistake hearing". At this hearing, petitioner claimed that it attempted to establish that its bid would have been $182,533.60 greater if it had considered temporary heat as a specification and that OGS was so informed. OGS claims that petitioner's bid would have been only $70,300 higher and, based on this figure, concluded that the net loss to petitioner after deducting overhead and profit would be $31,669. Following the hearing, OGS refused to release petitioner from its bid because its error was a negligent omission and not an arithmetic error in computation.

Petitioner's deposit of $21,000 was declared a forfeit for its failure to perform the contract.

Petitioner thereupon instituted this CPLR article 78 proceeding to review the determination, claiming it was arbitrary and capricious. Special Term dismissed the petition and ruled that petitioner was not entitled to the return of its bid deposit. Petitioner appeals.

We agree with Special Term and consider our decision in *Matter of G&R Elec. Contrs. v Egan* (85 AD2d 191, *affd* 57 NY2d 721) dispositive. In that case, as here, the petitioner was furnished with instructions providing that withdrawal of bids would be allowed only if the bidder made a verified error in the computation of the bid. The error herein admittedly being the result of petitioner's negligence in reading the specifications, the determination of OGS refusing rescission of the bid and return of its deposit cannot be said to be irrational—the standard of review in this article 78 proceeding *(see, Matter of T.P.K. Constr. Corp. v O'Shea,* 69 AD2d 316, 318, *affd* 50 NY2d 835).

Petitioner's reliance on *Balaban-Gordon Co. v Brighton Sewer Dist.* (41 AD2d 246) is misplaced. The rationale of *Balaban-Gordon,* permitting rescission of a bid for the contractor's negligent misinterpretation of the specifications, was based on the equitable rescission principles of contract law. Here, the general equitable rules governing rescission of contracts because of mistake are not controlling, for our review is limited to that of an article 78 proceeding only *(Matter of G& R Elec. Contrs. v Egan, supra; Matter of T.P.K. Constr. Corp. v O'Shea, supra).* The judgment of Special Term should, therefore, be affirmed.

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.