■ DOMINICK P. MASSA & SONS, INC., Appellant, v STATE OF NEW YORK, Respondent.—Harvey, J. Appeal from an order of the Court of Claims (Benza, J.), entered October 22, 1987, which partially granted the State's motion to dismiss the claim.

Claimant is a contractor who, on June 13, 1984, submitted a sealed bid in the amount of $774,000 to perform public construction for the State Office of General Services (hereinafter OGS). When the bids were opened, claimant was determined to be the lowest bidder. However, approximately five days later, claimant notified OGS that through an oversight and error its bid had failed to include $128,910 for profit, overhead and bond premiums. Claimant duly submitted an application for withdrawal of the bid on the ground of mistake. OGS scheduled an evidentiary hearing to determine whether claimant would be granted permission to withdraw its bid. OGS

informed claimant that its bid could only be withdrawn if claimant established that (1) a verifiable error occurred in the computation of its bid, (2) absent the mistake, the bid would have been substantially higher, and (3) if directed to proceed with the contract at the bid price, claimant would suffer a substantial loss on the contract.

Following the hearing, OGS notified claimant that its request to withdraw its bid was denied because it failed to prove the third element listed above. Claimant was advised to execute the contract as bid or forfeit its $38,700 bid deposit. Claimant then executed a formal contract with OGS to perform the construction work at the bid price and thereafter completed the work as required. Claimant then filed this claim in the Court of Claims and the State moved to dismiss. The Court of Claims granted the motion to the extent of dismissing the first and second causes of action which essentially alleged unjust enrichment and moneys had and received, both founded on a quasi-contractual theory. This appeal by claimant followed.

Claimant never challenged the State's administrative denial of the bid withdrawal application by way of a CPLR article 78 proceeding. If it had done so, we could have reviewed that decision and could have granted remedial relief if warranted. Claimant cannot now challenge the rationality of that decision *(see, e.g., Matter of Dierks Heating Co. v Egan,* 115 AD2d 836, *lv denied* 67 NY2d 606). The Court of Claims, in dismissing the claim, found no implied contract, either in fact or in law. We agree. There existed a fully approved express written agreement covering performance and compensation for the work which claimant seeks to vary with its implied contract theory. This is obviously not a situation where an agreement between the parties is absent *(see, Parsa v State of New York,* 64 NY2d 143, 148; *Miller v Schloss,* 218 NY 400, 407). In this case "[t]he entire transaction was covered and is controlled by the express agreement" *(Miller v Schloss, supra,* at 408-409).

Nor does the conclusory allegation of bad faith on the part of OGS establish an implied-in-law contract. The State fully apprised claimant in its bid documents of the procedures which would be used under the circumstances which ultimately developed. Duress does not exist simply because the State chose to enforce the terms of the bid procedures.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.