■ In the Matter of J. D. POSILLICO, INC., Respondent, v DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK, Appellant.—Kane, J. Appeal from that part of a judgment of the Supreme Court (Bradley, J.), entered February 9, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request to withdraw its contract bid and to have its bid deposit refunded.

Petitioner submitted the lowest bid for respondent's State highway construction project in Suffolk County. Petitioner was subsequently sent various contract documents by respondent and informed that failure to execute the contract within 10 days could result in forfeiture of petitioner's $600,000 bid deposit. Petitioner thereafter claimed that a mathematical error had resulted in an understatement of its bid by over $1.5 million and sought to withdraw the bid. Respondent's Honest Error Review Unit subsequently rejected petitioner's claim of honest error, finding that petitioner had failed to show, by the required clear and convincing proof, "that the error was an unintentional computational mistake" or that the loss of anticipated profits would cause "irreparable financial damage". Respondent denied petitioner's request for a rehearing and, after petitioner failed to submit an executed contract, respondent retained the forfeited bid deposit as liquidated damages.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court initially dismissed the petition, rejecting petitioner's contentions that respondent's determination was arbitrary and capricious and that the honest error review procedures established by respondent required filing in accordance with

the State Administrative Procedure Act. Upon reargument, however, Supreme Court concluded that it had misinterpreted applicable law and determined that respondent's error review procedures did require filing in accordance with the State Administrative Procedure Act. Accordingly, Supreme Court granted the petition, annulled respondent's determination and ordered a return of petitioner's bid deposit. This appeal followed.

We affirm. In our view, the procedures implemented by respondent's Honest Error Review Unit utilize sufficiently fixed standards such that filing with the Secretary of State is required (see, NY Const, art IV, §.8; State Administrative Procedure Act § 202). In reviewing and determining the validity of honest error claims, respondent requires that a contractor submit "clear and convincing proof that the error was an unintentional computational mistake" and that it would suffer "irreparable financial damage" if forced to execute and perform the contract. Respondent has adopted strict standards and placed them on all contractors who claim a computational error without reference to their individual facts or circumstances. This rigid quasi-legislative norm is sufficiently result determinative to require its filing (see, Matter of Callanan Indus. v White, 118 AD2d 167, 171, lv denied 123 AD2d 462). Accordingly, Supreme Court correctly granted the petition.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.