■ In the Matter of DME CONTRACTING, INC., Respondent, v STATE OF NEW YORK, OFFICE OF GENERAL SERVICES, Appellant. [599 NYS2d 742] —Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered March 23, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent forfeiting petitioner's bid security on a roofing project.

Petitioner submitted a bid to respondent for roofing work on Project No. 37344-C. When respondent opened the bids on June 12, 1991, a discrepancy was noted on petitioner's bid form—the price written in words was "Three hundred eight thousand four hundred ninety nine dollar[s] and 00/100ths" and the price given in figures was "$380,499.00". Rule 4.4 of respondent's "Instructions to Bidders" states that "[i]n case of discrepancy between the price written in words and that given in figures, the price in words shall be binding". Accordingly, respondent recorded petitioner's bid as $308,499. The next lowest bid was $390,763.

On June 13, 1991, petitioner wrote respondent, explained that its intended bid was $380,499 but that a typist omitted the letter "y" from the word "eight", and requested withdrawal of its bid or, in the alternative, reformation of its bid

to $380,499. On June 25, 1991, respondent forwarded a contract to petitioner for signature, stating a bid price of $308,499. On July 5, 1991 and July 11, 1991, respondent wrote petitioner advising that it was applying Rule 4.4 and that petitioner would be held to its low bid of $308,499. On July 25, 1991, respondent declared petitioner's bid security in the sum of $21,500 forfeited due to petitioner's failure to timely execute the contract. Petitioner brought this CPLR article 78 proceeding to annul respondent's decision forfeiting petitioner's bid security. Petitioner also sought an order directing respondent to award Project No. 37344-C to it at the price of $380,499. Supreme Court, applying the equitable remedies of rescission and reformation in reaching its decision, granted petitioner's request. Respondent appeals.

There should be a reversal. A court's standard of review in a CPLR article 78 proceeding involving an act of discretion by an agency is not whether the determination is equitable, but rather whether the agency's determination is rational *(Matter of T.P.K. Constr. Corp. v O'Shea,* 69 AD2d 316, 318, *affd* 50 NY2d 835). In our view, respondent's determination was not arbitrary and capricious. We reject petitioner's reliance upon Rule 8.3 of the instructions furnished to bidders, which permitted withdrawal of a bid upon a showing by clear and convincing evidence, *inter alia,* that "an error, verifiable by written evidence, occurred in the computation of the bid * * * [and] the absence of negligence in the preparation of the bid". First, there is a serious question as to whether Rule 8.3 applies inasmuch as the mistake was one in transcribing numbers, not one in computing them. In any event, if Rule 8.3 does apply, petitioner failed to establish "the absence of negligence in the preparation of the bid". On the record before us, we cannot say that respondent's denial of petitioner's request to withdraw the bid and concomitant forfeiture of the bid security were irrational *(see, Dierks Heating Co. v Egan,* 115 AD2d 836, 837, *lv denied* 67 NY2d 606; *Matter of Sanders & Sons v O'Shea,* 71 AD2d 756; *Matter of T.P.K. Constr. Corp. v O'Shea, supra).* We have considered petitioner's remaining arguments and find them meritless.

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.