■ In the Matter of ALCA INDUSTRIES, INC., Respondent, v PETER W. DELANEY, as Commissioner of the New York State Office of General Services, Appellant. [669 NYS2d 725] —Peters, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 2, 1997 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's application to withdraw its bid without forfeiture of its bid security.

At issue is whether respondent's procedures concerning the refunding of bid bonds should have been the subject of formal rule-making procedure in accordance with the State Administrative Procedure Act. In 1996, after responding to a published advertisement for bids in connection with a proposed project for the Department of Transportation, petitioner was informed that it was the lowest bidder. When it recognized that it had erred in the computation of the cost and profit of a specific piece of equipment, petitioner formally requested to withdraw its bid in accordance with the procedures detailed in the bidding and contract documents. Upon being informed that it only met three of the four criteria for the withdrawal of a bid without forfeiture, this proceeding was commenced.

Petitioner asserted, by attorney's affidavit, that noncompliance with the State Administrative Procedure Act rendered any action taken by respondent with respect to its review of the request for bid withdrawal a nullity. Mindful that the courts have upheld a denial for a refund of a bid deposit where a bidding error has been found to be the result of negligence (*see, Matter of Dierks Heating Co. v Egan*, 115 AD2d 836, *lv denied* 67 NY2d 606; *Matter of G & R Elec. Contrs. v Egan*, 85 AD2d 191, *affd* 57 NY2d 721; *Matter of T.P.K. Constr. Corp. v O'Shea*, 69 AD2d 316, *affd* 50 NY2d 835)* and that a finding of negligence was supported by the record herein since the bid specifications contained a four-page description of the omitted equipment, Supreme Court annulled respondent's determination upon its finding that respondent failed to comply with SAPA. We affirm.

Following *Matter of Posillico, Inc. v Department of Transp.* (160 AD2d 1113), we agree that the bid withdrawal criteria

---

* We note that *Matter of Dierks Heating Co. v Egan (supra)*, *Matter of G & R Elec. Contrs. v Egan (supra)* and *Matter of T.P.K. Constr. Corp. v O'Shea (supra)* all predate *Matter of Posillico, Inc. v Department of Transp.* (160 AD2d 1113), which first raised the issue as to whether the bid withdrawal requirements constituted agency rules necessitating compliance with the State Administrative Procedure Act.

and procedures had to be promulgated in accordance with the State Administrative Procedure Act article 2 and filed with the Secretary of State (NY Const, art IV, § 8; State Administrative Procedure Act § 202 *et seq.*; *see, Matter of New York City Tr. Auth. v New York State Dept. of Labor,* 88 NY2d 225, 229) and wholly reject respondent's attempt to circumvent the application thereof and distinguish *Matter of Posillico, Inc. (supra)* by characterizing these principles as contractual terms with which both sides agreed to be bound.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.